IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-265-BO

| | | |
|---|---|---|
| BETTY MEMORY CREECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 10, 14]. A hearing was held in Edenton, North Carolina on November 17, 2015. For the reasons detailed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's decision denying her claim for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Ms. Creech filed her claim on October 25, 2011, alleging an onset date of June 30, 2011. [Tr. 199–206]. Her claims were denied initially and upon reconsideration. [Tr. 18]. A hearing was held before an Administrative Law Judge (ALJ) on November 21, 2013. [Tr, 35]. The ALJ issued an unfavorable decision on December 9, 2013, and the Appeals Council denied review on September 25, 2014. [Tr. 15–25, 1–6]. Ms. Creech then timely sought review in this Court.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there

1

is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The

2

claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date, the ALJ determined that Ms. Creech's fibromyalgia, sacroilitis, and cervical myofascial pain constituted severe impairments, but did not meet or equal a listing alone or in combination. [Tr. 20–22]. At step three, the ALJ concluded that plaintiff was capable of performing the full range of sedentary work. [Tr. 22]. The ALJ then determined at step four that plaintiff was able to perform her past relevant work as a receptionist because it did not require plaintiff to perform activities precluded by her residual functional capacity. [Tr. 22–25]. Accordingly, the ALJ found that plaintiff was not disabled. [Tr. 25].

Plaintiff argues that the ALJ erred in determining that plaintiff could perform the full range of sedentary work. In support of this argument, plaintiff asserts that the ALJ improperly discounted the medical opinions of plaintiff's treating physician. A treating physician's opinion is entitled to controlling weight if it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other medical evidence in the case record. 20 C.F.R. § 416.927(d)(2). Determining an individual's RFC or deciding whether an individual is disabled, however, are issues reserved exclusively to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1) and (2), 416.927(e)(1) and (2); and SSR 96–5p.

The ALJ discussed the opinion of treating physician, Dr. Perdue. [Tr. 24]. Notably, there were no treating records from Dr. Perdue in the record despite the ALJ's decision after the hearing to keep the record open for submission of said records. [Tr. 39]. The only document provided by Dr. Perdue was a medical source statement, in which Dr. Perdue opined that Ms.

3

Creech "could sit/stand/walk for less than 1 hour, could not continuously sit, and was limited to no lifting/carrying over 10 pounds." [Tr. 24].

The ALJ found that Dr. Creech's conclusory opinion was not consistent with medical evidence in the record. Having reviewed the record, the Court finds that substantial evidence supports the ALJ's RFC determination. Contemporaneous treatment records from physician assistant (PA) Barrow state that plaintiff's "upper and lower extremity strength was normal," as were her gait and posture. [Tr. 23, 313-326]. These records also reflect that Ms. Creech described her pain as intermittent, rather than constant. [Tr. 324–25]. PA Barrow further opined that plaintiff "is able to maintain at least sedentary labor and as she's been doing so for many years." [Tr. 322]. While these contemporaneous records come from a physician assistant, which is not an acceptable medical source, they constitute the only objective medical evidence in the record.

Moreover, as the ALJ noted, these records are corroborated by plaintiff's own lifestyle. As the Fourth Circuit has stated, "[t]he only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, J., concurring). Many of plaintiff's complaints about severe pain came after significant activity, such as a long car ride and caring for her grandchild. [Tr. 341]. The ALJ observed that her pain did not restrict her from doing "housework, getting out of the house, pursing [sic] hobbies/recreational activities, climbing stairs, bending, turning her head, and visiting family and friends." [Tr. 23]. In sum, the ALJ balanced the consideration due the opinion of a treating source, the lack of treatment records corroborating Dr. Perdue's conclusory statements of disability,[1] and the additional record evidence, and it is clear that the ALJ's decision is supported by substantial evidence.

---

[1] Though plaintiff argues that the burden is on the ALJ to "inquire into the issues necessary for adequate development of the record," *Marsh v. Harris*, 632 F.2d 296 (4th Cir. 1980), the ALJ

4

Plaintiff also argues that the ALJ failed to properly evaluate Ms. Creech's credibility. An ALJ's credibility determination is generally entitled to great deference. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). As discussed above, the ALJ determined that Ms. Creech's subjective complaints of pain were inconsistent with her life activities. Given the record, it would be improper for this Court to second-guess that determination.

In sum, substantial evidence clearly supports the ALJ's findings, and as such, it is proper to affirm the ALJ's determination that plaintiff was not disabled.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 10] is DENIED, and defendant's motion for judgment on the pleadings [DE 14] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __24__ day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

stated the he would consider any records that were submitted prior to his decision, and plaintiff's attorney stated the records would be submitted. [Tr. 40]. Plaintiff never submitted records to the ALJ, the Appeals Council or to this Court. Notably, plaintiff bears the burden at step four, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).